UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA PEREZ DOWLING,

                Plaintiff,

        -against-

PRESIDING JUDGE HUDSON COUNTY
NEW JERSEY COURT,

                Defendant.

26-CV-4459 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in New Jersey, brings this *pro se* action. For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

**DISCUSSION**

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The sole defendant in this action is "Presiding Judge Hudson County New Jersey Court." Venue therefore does not appear to be proper in this district under Section 1391(b)(1) because the defendant appears to reside outside the State of New York.

The complaint does not contain any allegations about the events giving rise to this complaint, but there is no indication that any acts or omissions occurred in this district. Venue therefore does not appear to be proper under Section 1391(b)(2). It appears that Plaintiff is alleging that Defendant violated her rights in New Jersey, which falls within the District of New Jersey, *see* 28 U.S.C. § 110. Accordingly, transfer to the District of New Jersey appears to be appropriate in this case. *See* 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. §§ 1404(a), 1406. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 29, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] Plaintiff has not paid the filing fees or submitted an application to proceed *in forma pauperis*.